No. 24-2095

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

ELIZABETH NELSON and ALBERT THROWER,

     Plaintiffs-Appellants,

-v-

ROBERT SCOTT (JOHN DOE PROPERTY
MAINTENANCE DIVISION SUPERVISOR),
SERVICE TOWING, INC., ABLE TOWING, LLC,
BRUCE HERTZ, SECRETARY, SANDRA A. HERTZ,
REGISTERED AGENT,
RANDY HERTZ, DENNIS HERTZ,
1 JOHN DOE CITY OF WARREN PROPERTY
MAINTENANCE DIVISION EMPLOYEES,
JAMES CUMMINS, BUILDING DEPARTMENT
DIRECTOR, CITY OF WARREN ZONING DEPT.
EMPLOYEES, CURTIS GAUSS #22, FRANK
BADALAMENTE, MARY MICHAELS,
BRIAN KIJEWSKI, MARILYN TREMBATH,
2 JOHN DOES, 4 JOHN DOE WARREN POLICE
DEPARTMENT POLICEMEN, CITY OF WARREN,
WARREN POLICE COMMISSIONER WILLIAM
DWYER, CAPTAIN WILLIAM REICHLING,
MAYOR JAMES FOUTS AND
KIMBERLY ELIZABETH BRANSON,

     Defendants-Appellees.

Appeal from the United States District Court
Eastern District of Michigan, Southern Division
Hon. Brandy R. McMillion

**BRIEF OF SERVICE TOWING DEFENDANTS-APPELLEES**

Elizabeth Nelson
P.O. Box 1422
Warren, MI 48090
Pro Se


Albert Thrower
P.O. Box 6702
Cleveland, OH 44101
Pro Se

Jennifer Mead (P57106)
P.O. Box 806042
St. Clair Shores, MI 48080
(313) 485-1250
meadjenn@hotmail.com


Thomas Stidham (P56504)
1401 W. Fort St., #44-1815
Detroit, MI 48244
(248) 303-0306
Attorneys for STI Defendants
Tsstidham@hotmail.com


Mark E. Straetmans (P29158)
Sandro DiMercurio (P80704)
255 E. Brown Street, Suite 320
Birmingham, MI 48009
(248) 645-9680
Attorneys for City of Warren
Defendants
mstraetmans@berrymoorman.com
sdimercurio@berrymoorman.com

# TABLE OF CONTENTS

Corporate Disclosure Statement ……………………………………………………iv

Statement Regarding Oral Argument………………...………………………….....v

Table Of Authorities………………………………………………………………vi-viii

Jurisdictional Statement…………………………………………………………1

Statement Of The Issues Presented For Review…………………………………2

Statement Of The Case………………………………………………………..3

Summary Of Argument…………………………………………………….....8

Argument………………………………………………………………..11

     A.  The Court Ought To Affirm The District Court's Order……………11
     Finding The Service Towing Defendants Are Not "State Actors"
     And Cannot Be Held Liable For Conclusory, Unsupported, Alleged
     Constitutional Violations.

     B.  Plaintiffs' Failure To File Specific Objections To The R&R……….19
     And Failure To Address The Legal Basis Of The Recommended
     Disposition of The Towing Defendants Motion To Dismiss
     Constitutes A Waiver Of Any Further Right Of Appeal.

     C.  Plaintiffs' Arguments On Appeal Merely Repeat Their……………23
     Conclusory Allegations And Labels, Objections To The R&R
     And Fail To Allege How Each Defendant And Individual
     Personally Participated In Any Alleged Constitutional
     Violations. Moreover, Plaintiffs Cannot Establish The
     Service Towing Defendants Are State Actors.

Conclusion………………………………………………………………….29

Certificate Of Compliance…………………………………………………….30

Certificate Of Service……………………………………………………….31

Designation Of Relevant District Court Documents……………………………..32

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure and Sixth Circuit Rule 26.1, counsel for Defendants-Appellees Service Towing, Inc. and all Defendants-Appellees certifies that no party to this appeal is a subsidiary or affiliate of a publicly owned corporation and no publicly owned corporation that is not a party to this appeal has a financial interest in its outcome.

_/s/ ThomasStidham_____
Thomas H. Stidham (P56504)
Attorney for Service Towing, Inc.
Defendants-Appellees

## STATEMENT REGARDING ORAL ARGUMENT

On this limited record, the Service Towing, Inc. Defendants do not believe that oral argument will sufficiently aid the Court in its determination of this action and therefore, are not requesting oral argument unless desired or otherwise ordered by the Court.

## TABLE OF AUTHORITIES

*Cases*

*Ashcroft v Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009)…………11, 16

*Ashford v Univ. of Michigan*, 89 F.4th 960, 975 (6th Cir. 2024)……………27

*Bell Atlantic Corp v Twombly*, 550 U.S. 544, 555 (2007)…………………..11,16,28

*Bickerstaff v. Lucarelli*, 830 F.3d 388, 395-396 (6th Cir. 2016)…………….11

*Bouyer v. Simon*, 22 F.App'x 611, 612 (6th Cir. 2001)……………………..27

*Brentwood Acad v Tenn Sec School Athletic Ass'n*, 531 US 288 (2001)……15

*Brunette v. Humane Soc Of Ventura Cnty*, 294 F.3d 1205 (9th Cir. 2002)….17-18

*Burton v Wilmington Parking Auth.*, 365 U.S. 715, 725 (1961)…………….17

*Chapman v Higbee Co.*, 319 F.3d 825, 833-834 (6th Cir. 2003)……………14

*Cline v Rogers*, 87 F.3d 176, 179 (6th Cir. 1996)……………………………11

*Erickson v Pardus*, 551 U.S. 89, 94 (2007)………………………………….28

*Fields v Lapeer 71-A Dist. Ct. Clerk*, 2 F.App'x 481, 483 (6th Cir. 2001)…22

*Flagg Bros, Inc. v. Brooks*, 436 U.S. 149, 164-165, 98 SCt 1729 (1978)…..14

*Frazier v.* Michigan, 41 F.App'x 762, 764 (6th Cir. 2002)…………………17

*Lansing v. City of Memphis*, 202 F.3d 821 (6th Cir. 2000)…………………16

*Lugar v Edmondson Oil Co*, 457 US 922, 937, 102 SCt 2d 744, (1983)……12

*Moldowan v City of Warren*, 578 F3d 351, 399 (6th Cir. 2009)…………….13-16

*Nugent v Spectrum Juv. Just Servs*, 72 F4th 135, 139-140 (6th Cir. 2023)…..15

*Partin v Davis*, 675 F.App's 575, 586-587 (6th Cir. 2017)…………………..15

*Pfahler v Nat'l Latex Prod. Co.,*517 F.3d 816, 829 (6th Cir. 2007)…………24

*Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 311 (6th Cir. 2005)…….27

*Robert v Tesson,* 507 F.3d 981, 994 (6th Cir. 2007)…………………………21

*Robertson, et al v Breakthrough Towing*, LLC, USD.C. E.D. Mich…………12-13

Case No. 2:19-cv-10266-MAG-EAS; ECF No. 148, PageID.2831-2867, at

PageID.2844-2845

*Smith v. Detroit Fed'n of Teachers, Local 231,*829 F.2d 1370(6th Cir. 1987)..20

*Tahfs v Proctor*, 316 F3d 584, 590 (6th Cir. 2003)……………………………12

*Terry v Tyson Farms, Inc*, 604 F.3d 272, 276 (6th Cir. 2010)………………..28

*Thomas v. Arn*, 474 U.S. 140, 144 (1985)……………………………………19-20

*United States v. Clark*, 469 F.3d 568, 569-70 (6th Cir. 2006)………………..26

*United States v Miller*, 982 F.3d 412, 423 (6th Cir. 2020)……………………14

*United States v. Sandridge*, 385 F.3d 1032, 1035-36 (6th Cir. 2004)………..27, 28

*Wells v Brown*, 891 F.2d 591, 594 (6th Cir. 1989)……………………………27

 *Williams v. City of Cleveland*, 771 F.3d 945, 949 (6th Cir. 2014)……………11

*Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390 (6th Cir. 1991)……..20

*Statutes*

28 U.S.C. Section 1291…………………………………………………………1

42 U.S.C. Section 1983…………………………………………………9, 26

## Court Rules

Federal Rule of Appellate Procedure 28…………………………………………27


Federal Rule of Civil Procedure 12(b)(6)………………………………...28

# <u>JURISDICTIONAL STATEMENT</u>

The U.S. District Court for the Eastern District of Michigan, Hon. Brandy R. McMillion presiding, on November 20, 2024 entered a judgment in favor of the Service Towing, Inc. Defendants-Appellees against Plaintiffs-Appellants Elizabeth Nelson and Albert Thrower (Judgment, R87, PageID.956).

In a prior effort at an appeal by Plaintiffs-Appellants in 6th Circuit Case No. 24-1774, the Court entered its order of dismissal of Appellants appeal, finding that the Court lacks jurisdiction since it was a non-final order.  Thereafter, on December 18, 2024, Plaintiffs filed their Notice of Appeal (Notice Of Appeal, R88) but failed to pay the filing fee, resulting in an Order dated January 30, 2025 (Order, R92) to dismiss for want of prosecution for their failure to pay the filing fee.  On February 11, 2025, having paid the fee, the Court granted Appellants motion to reinstate this appeal.

Pursuant to 28 U.S.C. §1291, this Court has appellate jurisdiction to review the district court's dismissal of Appellants complaint and entry of a final judgment on November 20, 2024 which disposed of all of the claims of Plaintiffs-Appellants against the Service Towing Defendants-Appellees.

## <u>STATEMENT OF ISSUES PRESENTED FOR REVIEW</u>

I.      Whether the District Court erred in dismissing the federal claims as a result of Plaintiffs-Appellants' failure to show any state action on the part of the Service Towing Defendants as required to successfully allege a § 1983 claim?

Defendants-Appellees Answer:          No.

Plaintiffs-Appellants Answer:         Yes.

II.     Whether the Plaintiffs failure to file specific objections to the Magistrate Judge's Report & Recommendation and their failure to address the legal basis of the Recommended Disposition of the Service Towing Defendants Motion To Dismiss constitutes a waiver of any further right of appeal?

Defendants-Appellees Answer:          Yes.

Plaintiffs-Appellants Answer:         No.

III.    Whether Plaintiffs' arguments on appeal merely repeat their conclusory allegations and labels, objections to the Report & Recommendation and fail to allege each Defendant and individual personally participated in any alleged constitutional violations?

Defendants-Appellees Answer:          Yes.

Plaintiffs-Appellants Answer:         No.

## STATEMENT OF THE CASE

On May 1, 2020, the real property at 7568 Hudson in the City of Warren, Michigan was owned by St. Anthony the Great Romanian Orthodox Monastery. The property contains a house, which has four units which are leased to residential tenants. Plaintiff Thrower, an Ohio resident, manages and maintains the building at 7568 Hudson while Nelson rents an apartment in the building. Third Amended Complaint, R55, PageID.601.

Plaintiffs-Appellants allege a vast conspiracy by the Service Towing Defendants-Appellees who, according to Plaintiffs, "conspired, acted in concert and tandem with state actors" (City of Warren Defendants-Appellees and numerous John Does) to tow two vehicles of Plaintiffs and take personal property of Appellant Thrower from 7568 Hudson in deprivation of Plaintiffs' 4th, 5th and 14th Amendment rights. 3rd Amended Complaint, R55, PageID.601. According to the operative Complaint, Appellants allege this occurred on July 7, 2021, 3rd Amended Complaint, R55, PageID.603, when former Defendant Robert Scott, the deceased supervisor of the City of Warren Property Maintenance Department learned that Plaintiff Thrower had arrived to cut the grass at 7568 Hudson. *Id*. Plaintiffs allege that Scott called some of the Service Towing Defendants to tow two vehicles from 7568 Hudson. *Id*. Thrower heard Scott scream that "I want the Honda towed" to which a Service Towing employee responded that "I can't tow

3

Honda without damaging it because it's at an angle" and Scott responded, "I don't care I want it towed anyhow." *Id*.

Plaintiffs also allege that Scott caused 37th District Court Judge Chmura to issue a "CYA court order" dated July 7, 2021 after towing the cars and to issue a misdemeanor warrant for Thrower's arrest. 3rd Amended Complaint, R55, PageID.603. According to Plaintiffs, the July 7, 2021 court order issued by Judge Chmura is "void as a matter of law." *Id*. at PageID.604.

The next day, on July 8, 2021, Plaintiff Thrower went to Service Towing to retrieve a Chevrolet Silverado that was towed. 3rd Amended Complaint, R55, PageID.604. According to Plaintiffs, a Service Towing Defendant "stalled" Thrower "per earlier agreement with" Scott for approximately 30 minutes and Thrower was told to wait in the garage. *Id*. Scott arrived and allegedly attacked Thrower "and physically restraining Thrower while" the Service Towing Defendants "watched". When Thrower questioned Scott as to what he was doing, Scott replied that he was performing a 'citizens arrest' and that Thrower had an outstanding misdemeanor warrant for blight and property violations. Complaint, R55, PageID.604. Plaintiff Thrower called 911 to report a kidnapping in process and an assault and battery. *Id*.

Plaintiff Nelson retrieved her operable Honda from Service Towing after paying a $330.00 towing and storage bill.  Complaint, R55, PageID.605.  Likewise, Plaintiff Thrower subsequently redeemed the Silverado, also paying $330.00 to retrieve the vehicle.

In the operative "3rd Amended Complaint Per Court Order" Plaintiffs allege two counts:  Count I alleges Scott in tandem, conspiracy, agreement with the Service Towing Defendants violated Plaintiffs' 4th, 5th and 14th Amendment rights when they came onto 7568 Hudson on July 7, 2021 and towed two operable vehicles. 3rd Amended Complaint, R55, PageID.605. Count II alleges that Defendant Scott performed a citizen's arrest when he was not legally allowed to do so and Scott and the Service Towing Defendants actions were "inextricably intertwined" when the Service Towing Defendants acted to stall Thrower, call Scott, who rushed over to perform a citizen's arrest of Thrower at the Service Towing garage while certain Service Towing Defendants "watched per agreement."  *Id.* at PageID.605.

In their Complaint, Plaintiffs request $100 Million Dollars in compensatory and punitive damages as well as miscellaneous towing fees, fees billed by Scott, broken glasses and a phone and expenses for an injury to Thrower's finger.

**Relevant Procedural History.**

Plaintiffs-Appellants Nelson and Thrower filed their complaint (R 1) on July 5, 2023 and then filed an Amended Complaint as of right on August 18, 2023 (R25). Thereafter, on August 25, 2023, the district court granted Plaintiffs leave to file a Second Amended Complaint (R29). In response, the STI Defendants-Appellees filed their Answers, Affirmative And Other Defenses. The City of Warren Appellees filed a motion to dismiss pursuant to Rule 12(b)(6).

On April 4, 2024, the district court referred all pretrial matters to Magistrate Judge Curtis Ivy, Jr.. On May 9, 2024, the Court entered its Case Management Order, R53,PageID.588, providing a "deadline for Plaintiffs to file an amended complaint May 31, 2024."

The Warren Defendants filed a motion to dismiss the Second Amended Complaint (R29), which the Magistrate Judge issued a Report And Recommendation that the Warren Defendants Motion To Dismiss be granted.

On May 29, 2024, Plaintiffs filed their "Third Amended Complaint Per Court Order". 3rd Amended Complaint, R55, PageID.600. Factually, some matters in the 3rd Amended Complaint were modified. Specifically, it deletes the prior allegations within the 2nd Amended Complaint that on July 7, 2021, Branson called Defendant Scott, or Mayor Fouts, Does acting as an informant per

agreement and told (Ds') Scott, Gauss, Cummins, Badalamente, Kijewski, Does that Thrower arrived at 7568 Hudson Ave. 2nd Amended Complaint, R29, PageID.83 at ⊩22.  Importantly, it also deletes the Plaintiffs explanation of how the Warren Police Department were contacted and "raided" the 7568 Hudson address:

> "23) (D) Scott, Gauss, Cummins, Badalamente, Kijewski, Does contacted the Warren Police Van Dyke substation and raided (P) Thrower address 7568 Hudson Ave Mi and towed (P) Thrower 2011 Silverado with (D) Service Towing Inc., Able Towing LLC Hertz Brothers defendants in the morning." ECF No.29, PageID.83 at ⊩23.

The 3rd Amended Complaint also deletes an important fact established in the 2nd Amended Complaint at ⊩26:  that on 7/7/21, Defendant Scott wrote a ticket for 301.3 Unsafe Structure for Human Habitation relative to 7568 Hudson, which forms an important portion of the reason the authorities were at the property.  ⊩26.  Perhaps even more puzzling, in the Third Amended Complaint, quotations attributed to Mr. Scott have even slightly changed!

In response, the Service Towing Defendants filed a Motion To Dismiss. Motion, R57, PageID.608.   On August 22, 2024, the district court issued an order dismissing the claims against the Warren Defendants. Order,R78.

On September 30, 2024, Magistrate Judge Ivy issued a Report And Recommendation On Motion To Dismiss, recommending that the Service Towing Defendants motion to dismiss be granted.  R&R, R82, PageID.880.  In response,

Plaintiffs filed their Objection To The Magistrates R&R (Objection, R83) and Defendants filed a response thereto (Response, R84).

On November 20, 2024, the district court entered its order adopting the Magistrate Judge's recommended disposition within the R&R, overruling Plaintiffs' Objections, Granting the Service Towing Defendants motion to dismiss and dismissing with prejudice the Plaintiffs Third Amended Complaint.

The Court then entered judgment in favor of the Service Towing Defendants-Appellees and against Plaintiffs-Appellants (R 86).

In response, Plaintiffs filed their Notice of Appeal (R 88).

## <u>SUMMARY OF THE ARGUMENT</u>

Plaintiffs Nelson and Thrower have filed a series of overwhelmingly deficient amended complaints. In each complaint, including the operative Third Amended Complaint, Plaintiffs allege a series of constitutional violations of the 4th Amendment, 5th Amendment and 14th Amendment against the Service Towing Defendants resulting from the towing of two vehicles on July 7, 2021 and the alleged "stalling" and calling a now-deceased City of Warren supervisor, who Plaintiff Thrower alleges, effected a "citizen's arrest" upon him on July 8, 2021 as the Service Towing Defendants "watched". Plaintiffs allege the Service Towing

Defendants were acting under the color of state law when they conspired and acted in concert with the City of Warren Defendants.

In response, the Service Towing Defendants moved for dismissal on the grounds that they were not state actors for the purposes of 42 U.S.C. § 1983. Application of each of the three tests utilized in the 6th Circuit for determining whether private conduct is fairly attributable to the state compels the conclusion that the Defendants are not state actors. This conclusion is supported by the case law in this circuit indicating that towing companies are generally *not* state actors under the three tests utilized nor could their conduct be fairly attributable to the state.

In this appeal, Plaintiffs' pleadings are as deficient as their initial three complaints, as amended.  Notably, their Brief does not reasonably comply with Fed.R.App.P.28. More importantly, their appellate arguments are largely indecipherable, lack citations to the actual record and fail to link specific detail and authorities in support of their positions.  In short, they have failed to develop coherent and understandable arguments on appeal and failed to address the legal basis of the recommended disposition of the Service Towing Defendants Motion To Dismiss, resulting in the waiver and forfeiture of all of their issues on appeal.

Yet even were the Court to address the merits in the interests of efficiency, Plaintiffs conclusory arguments are a combination of a) quotations from two of their amended complaints, b) their own Objections to the Magistrate Judge's Report & Recommendations, c) arguments responding to the STI Defendants Motion For Dismissal Under Rule 12(b)(6), d) statements attributed to STI Defendants unsupported by the record and e) quotations and/or references to their three Complaints, in which they appear to largely argue that everything in the complaints must be accepted as true.   Plaintiffs failure to either raise or sufficiently develop their arguments in their appellate brief waives Plaintiffs appellate review of the district court's rulings, as although *pro se* filings should be liberally construed, the lenient treatment afforded *pro se* litigants has limits and courts have not typically "been willing to abrogate basic pleading essentials in *pro se* suits."   On this record, there is little reference to the actual record and no effort by Plaintiffs to explain the relevance of citations or linkage between the applicability of the quotations, matters from other actions, legal conclusions masquerading as facts and citations to cases or perhaps most importantly, no effort to explain or to establish any facts that would require Defendants to be determined to be state actors for purposes of 42 U.S.C. § 1983.  Therefore, for the reasons set forth *infra,* the Court should affirm the district court's rulings and judgment.

## ARGUMENT

## STANDARDS OF REVIEW

The Court "review[s] de novo the district court's dismissal for failure to state a claim upon which relief can be granted." *Cline v Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Bickerstaff v. Lucarelli*, 830 F.3d 388, 395-396 (6th Cir. 2016).

To survive a motion to dismiss, the complaint must be plausible on its face and "raise the right to relief above the speculative level." *Bell Atlantic Corp v Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007). The allegations must include sufficient factual content to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009).

Where the district court has denied leave to amend based on its conclusion that amendment would be futile, this Court reviews whether the proposed amended complaint "contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Williams v. City of Cleveland*, 771 F.3d 945, 949 (6th Cir. 2014).

**A.  THE COURT OUGHT TO AFFIRM THE DISTRICT COURT'S ORDER FINDING THAT THE SERVICE TOWING, INC. DEFENDANTS ARE NOT "STATE ACTORS" AND CANNOT BE HELD LIABLE FOR CONCLUSORY, UNSUPPORTED, ALLEGED CONSTITUTIONAL VIOLATIONS.**

In Plaintiffs' 3rd Amended Complaint—ECF No. 55 (and also within the Second Amended Complaint ECF No. 29), Plaintiffs allege a series of constitutional violations of the 4th Amendment, 5th Amendment and 14th Amendment against the Service Towing Defendants resulting from the towing of two vehicles on July 7, 2021.  It is elementary that a private business does not act under color of state law, and thus is not a "state actor," unless its conduct is "fairly attributable to the state."  *Lugar v Edmondson Oil Co*, 457 US 922, 937, 102 SCt 2d 744, 73 LEd2d 482 (1983).  "A plaintiff may not proceed under Section 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct.  *See Tahfs v Proctor*, 316 F3d 584, 590 (6th Cir. 2003).

Here, the Magistrate's Report And Recommendation On Motion To Dismiss (ECF No. 57) focused entirely upon a state action analysis of the claims pursuant to 42 U.S.C. §1983 raised by Defendants, providing in relevant part:

> "[N]umerous courts have found that when a city official uses a towing company's services, that fact alone does not make the towing company liable for violating the plaintiff's constitutional rights." *Harris v. Malone,* 2022 WL 400809, at *2 (E.D.Mich. Feb. 9, 2022) (collecting cases)."
> R&R, ECF No. 82, PageID.885

The Defendants review of authority involving whether towing companies are state actors in this circuit reflects that the case of *Olivia Robertson, et al v Breakthrough Towing*, LLC, USD.C. E.D. Mich. Case No. 2:19-cv-10266-MAG-EAS; ECF No. 148, PageID.2831-2867, at PageID.2844-2845 is instructive, noting

12

that "[t]he fact that towing occurs does not make every entity that has some connection to the tow a representative of the state.  In fact, case law in this circuit indicates that towing companies are generally <u>not</u> state actors under the nexus and state compulsion theories—both at the summary judgment stage7 and on the face of the pleadings8—even when those companies tow vehicles pursuant to government contracts or at the express request of the police."  Indeed, in *Robertson, et al v Breakthrough Towing*, the District Court cited *Carmen v City of Detroit*, 2018 WL 1326295, at *7-8 (finding that two private towing companies called by Detroit police officers to impound certain vehicles were not state actors liable under Section 1983, explaining that plaintiffs had failed to establish "pervasive entwinement" considering factors including (i) the companies were only "two of about twenty companies with a towing contract with Detroit," and (ii) "the private towing companies did nothing more than fulfill their contractual obligations") in footnote 7 of the opinion in support of the conclusion that towing companies are generally not considered state actors within the Sixth Circuit.

In *Moldowan v City of Warren*, 578 F3d 351, 399 (6th Cir. 2009), the Sixth Circuit stated that it recognized three tests for determining whether private conduct is fairly attributable to the state:  the public function test, the state compulsion test, and the nexus test.

> The public function test "requires that the private entity exercise powers which are traditionally exclusively reserved to the state…"

The typical examples are running elections or eminent domain. The
state compulsion test requires proof that the state significantly
encouraged or somehow coerced the private party, either overtly or
covertly, to take a particular action so that the choice is really that
of the state. Finally, the nexus test requires a sufficiently close
relationship ( *i.e.* through state regulation or contract) between the
state and the private actor so that the action may be attributed to
the state.
*Moldowan v City of Warren*, *Id*. at 399.

On these facts and employing any of the three tests, Plaintiffs cannot

establish that any of the Service Towing Defendants conduct is fairly attributable

to the state. Indeed, the public function test fails as the private entities are not

exercising powers traditionally reserved to the state such as running an election or

eminent domain. Moreover, the public function test has been narrowly interpreted

and Plaintiffs bear the burden of establishing a historical showing, which cannot be

done on these facts. See *Chapman v Higbee Co*., 319 F.3d 825, 833-834 (6th Cir.

2003) (internal citations omitted).

Next, the state compulsion test also is inapplicable, as there is no proof that

the towing companies were coerced by the state, either overtly or covertly, to take

any action such that the action is really that of the state. "At the same time, private

action does not become government action merely because the government

authorizes or acquiesces in it. See *Flagg Bros, Inc. v. Brooks*, 436 U.S. 149, 164-

165, 98 SCt 1729, 56 L.Ed.2d 185 (1978)." *United States v Miller*, 982 F.3d 412,

423 (6th Cir. 2020). Plaintiffs fail to offer any fact demonstrating that Defendants

were overtly or covertly coerced to tow the vehicles by the Warren Defendants.  As the Magistrate notes in his R&R (ECF No. 82, Page ID.886), merely working for the government is insufficient, citing *Partin v Davis*, 675 F.App'x 575, 586-587 (6th Cir. 2017).  Moreover, further fatal to their claims, Plaintiffs fail to show that a private entity such as the Service Towing Defendants are "entwined with governmental policies" or that the government is "entwined in [the private entity's] management or control."  *Brentwood Acad v Tenn Secondary School Athletic Ass'n*, 531 US 288, 294, 121 SCt 924, 148 LEd2d 807 (2001); see also *Nugent v Spectrum Juv. Just Servs*, 72 F4th 135, 139-140 (6th Cir. 2023).  Thus, Plaintiffs fail to meet the state compulsion test.

The nexus test requires a sufficient close relationship between the state and the Towing Defendants so that the conduct may be fairly attributed to the state. *Moldowan v City of Warren*, *Id*. at 399.  Plaintiffs merely allege that a conspiracy between Robert Scott and the Service Towing Defendants to tow two vehicles and for the Service Towing Defendants to falsely stall Thrower at their office and storage yard until Robert Scott arrived to arrest Thrower.  There are no allegations involving the arrest made by Plaintiff Nelson.

Moreover, the nexus test requirement of a sufficiently close relationship so that the towing companies conduct may be attributed to the state is not borne out by the proofs.  "[M]ere cooperation simply does not rise to the level of merger

15

required for a finding of state action." *Lansing v City of Memphis*, 202 F3d 821, 831-832 (6th Cir. 2000).

Simply stated, Plaintiffs' allegations of a conspiracy between Scott and the Service Towing Defendants are conclusory and speculative. The allegations are insufficient to meet the nexus test. The Supreme Court recognizes that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one. See *Bell Atlantic Corp. v. Twombley, et al.*, 550 US 544, 565, 125 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Magistrate Judge's R&R (ECF No. 82, PageID.887-888), citing *Ashcroft v Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 1949 (2009) notes that the Court cannot accept conclusory allegations as established fact. ("[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Nor does calling the police or furnishing information to the police, even if true, constitute joint action under color of state law which renders a private citizen liable under §1983 or §1985. See *Moldowan v City of Warren*, 578 F3d 351, 399 (6th Cir. 2009), citing *Benavidez v Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983).

Again, here Plaintiffs only pled vague and conclusory allegations of a conspiracy between Robert Scott and the Service Towing Defendants unsupported by material facts as to how any defendant specifically are alleged to have violated §1983. *See Frazier v.* Michigan, 41 F.App'x 762, 764 (6th Cir. 2002)("Frazier's complaint contained no specific facts in support of his conclusory allegations that the defendants violated his constitutional and statutory rights. Moreover, Frazier failed to allege with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged violations of his federal rights.").

Plaintiffs also claim that private parties can be liable as state actors when their actions are "inextricably intertwined" with the conduct of the government citing "Brunette, 294 F.3d at 1211" and that the actions "fit this definition for liability of private parties acting in concert with (D) Scott."   Complaint, R55, PageID.602.

Yet Plaintiffs reliance upon *Brunette v. Humane Society Of Ventura County, et al.*, 294 F.3d 1205, 1212-1213 (9th Cir. 2002) is misplaced.  *Brunette* is a 9th Circuit decision in which the court potentially expanded the state-actor criteria by applying what it termed the symbiotic relationship test, a test that has not been specifically adopted in this circuit.  In *Brunette*, the 9th Circuit Court of Appeals noted that to apply the Supreme Court's ruling in *Burton v Wilmington Parking*

17

*Auth.*, 365 U.S. 715, 725 (1961), the private party's conduct must be inextricably

intertwined with that of the government.  Although the Supreme Court in *Burton v*

*Wilmington Parking Auth.*, 365 U.S. 715, 725-726 determined a lessee to be a state

actor, the Supreme Court limited its applicability to the "peculiar facts or

circumstances present," cautioning that the conclusions drawn from the case "are

by no means declared as universal truths on the basis of which every state leasing

agreement is to be tested."

    In *Brunette*, plaintiff Brunette filed an action against the Humane Society

and the Media, alleging that the Media had violated her 4th Amendment rights by

accompanying the Humane Society and filming as it executed a search warrant

related to a cat breeding business on Brunette's ranch and avocado farm.  Brunette

claimed because the Humane Society and the Media acted jointly, the Media

became a state actor liable under §1983.  The Ninth Circuit Court of Appeals

affirmed the district court's dismissal of her complaint because Brunette did not

allege facts sufficient to establish the Media was a state actor.  The court of appeals

held in part that Brunette's "allegations do not establish any substantial

cooperation or inextricably intertwined activity between the Media and the

Humane Society."

    Thus, even assuming *arguendo* that the 6th Circuit had adopted a

"symbiotic relationship test", here, Plaintiffs' allegations suffer from the same

deficiencies as Brunette: the allegations simply do not establish any substantial

cooperation or inextricably intertwined activity between Scott and the Service

Towing Defendants. Moreover, Plaintiffs provide no specific factual detail as to

who did what to whom, how and when, instead, relying upon legal conclusions and

consequently, their allegations are insufficient to state a claim under §1983.

Therefore, Defendants request the Court of Appeals affirm the District

Court's Order adopting the Magistrate Judge's Report And Recommendation that

Plaintiffs have failed to state a claim upon which relief may be granted for towing

of the vehicles in alleged violation of the 4th, 5th and 14th Amendments and

dismissing Plaintiffs Complaint with prejudice.


**B.      PLAINTIFFS' FAILURE TO FILE SPECIFIC OBJECTIONS
         TO THE REPORT & RECOMMENDATION AND
         FAILURE TO ADDRESS THE LEGAL BASIS OF THE
         RECOMMENDED DISPOSITION OF THE TOWING
         DEFENDANTS MOTION TO DISMISS CONSTITUTES A
         WAIVER OF ANY FURTHER RIGHT OF APPEAL.
         THEREFORE, DEFENDANTS REQUEST THE COURT AFFIRM
         THE DISTRICT COURT'S JUDGMENT WITHOUT FURTHER
         REVIEW.**

In the Report and Recommendation, R82; PageId.889, the parties were

advised of their right to file any objections to the Report. The objection procedure

specifically provides in relevant part that "[f]ailure to file specific objections

constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140,

144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Circ. 1991)."

The procedure further set forth that "[f]iling objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). *Id.* The procedure further noted that "[a]ny objection must recite precisely the provision of this Report and Recommendation to which it pertains" and required each objection be labeled consecutively. *Id. at* PageId.890.

Plaintiffs' objections to the Report and Recommendation were filed on February 20, 2024. Objections, R104. The district court overruled the objections, noting that:

> "Plaintiff submit nine objections to the Magistrate Judge's R&R, however none of the objections address the legal basis of the recommended disposition of the Towing Defendants' motion. *See generally* ECF No. 83. The Magistrate Judge recommends dismissal of the federal claims against the Towing Defendants because, as alleged in their motion, Plaintiffs fail to show any state action on the part of the private towing defendants as required to successfully allege a § 1983 claim. See ECF No.82, PageID.884-889. This Court agrees."
> Order R86, PageID.952.

Notwithstanding the district court's determination that none of Plaintiffs' objections addressed the legal basis of the recommendation to dismiss in the R&R,

the district court nevertheless provided its analysis and reasoning why each

objection must be overruled.  With respect to Plaintiffs' objections Numbers 1, 3, 4

and 6, the district court ruled as follows:

> Plaintiffs lodge several objections that relate to the City of Warren
> Defendants or other aspects of the facts alleged in this case. Each of
> these objections is unrelated to any allegations against the Towing
> Defendants.  Because these objections do not address any facts or
> conclusions of law at issue in the Towing Defendants' Motion to
> Dismiss or the Magistrate Judge's R&R, each of these objections
> are overruled.
> Order Overruling Objections R86, PageID.952.

The district court held that objection No. 2 merely disagrees with the

Magistrate Judge's ruling that Plaintiffs did not state a 4th, 5th or 14th Amendment

claim and that general objections to the entirety of the R&R are the equivalent as a

failure to object.  *Id*. at PageID.952-953.  Other objections (objection No. 9)

merely restated previous arguments and was not a proper objection. *Id.* at

PageID.954, disagreed with the Magistrate Judge's determination that the Third

Amended Complaint became the operative complaint (objections 7 and 8).  *Id*. at

PageID.954 and erroneously stated that a prior appeal divested the court of any

further jurisdiction (objection No. 5) *Id*. at PageID.953.

Even when timely objections are filed, appellate review of issues not raised

in the objections is waived.  *Robert v Tesson,* 507 F.3d 981, 994 (6th Cir. 2007)

("[A] general objection to a magistrate judge's report, which fails to specify the

issues of contention, does not suffice to preserve an issue for appeal….") (citation omitted)); *Fields v Lapeer 71-A Dist. Ct. Clerk*, 2 F.App'x 481, 483 (6th Cir. 2001)("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."). Here, Plaintiffs' objections (Objections,R83,PageID.892) merely reiterated the allegations, conclusions and citations contained within their Combined Response to Defendants Motion To Dismiss and failed to explain the relevance of the case law and its import on a specific Recommendation. Simply stated, the generalized and conclusory objections do not attempt to show error and are insufficient to preserve any of the issues for appeal. The Report and Recommendation contained an express warning to all of the parties that the failure to file "specific objections constitutes a waiver of any further right of appeal." R82, PageID.889. Ignoring these instructions, Plaintiffs failed to preserve their specific issues for appellate review resulting in a waiver of the right to appeal the judgment of the district court. See *Pfahler v Nat'l Latex Prod. Co.,*517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).

22

Absent specific objections to the R&R, Plaintiffs failure constitutes a waiver of any further right of appeal.  Therefore, the Court ought to affirm the district court's judgment without further review.

### C.    PLAINTIFFS' ARGUMENTS ON APPEAL MERELY REPEAT THEIR CONCLUSORY ALLEGATIONS AND LABELS, OBJECTIONS TO THE R&R AND FAIL TO ALLEGE HOW EACH DEFENDANT AND INDIVIDUAL PERSONALLY PARTICIPATED IN ANY ALLEGED CONSTITUTIONAL VIOLATIONS. MOREOVER, PLAINTIFFS CANNOT ESTABLISH THAT THE SERVICE TOWING DEFENDANTS ARE STATE ACTORS.

A fair reading of Plaintiffs' Brief, Document 9, reveals that Plaintiffs resort to the same collection of combining case citations and quotations, legal conclusions masquerading as facts and fragmented sentences that when, taken together, repeat the folly of their pleading in the district court below rendering their arguments either repeats of prior arguments and objections and in other instances, their arguments are either largely indecipherable or inapplicable to the Service Towing Defendants.  Throughout their Brief, Document 9, Plaintiffs allege Defendants "acted 'under color of state law ', acting 'in concert', 'conspiracy with state actors…'" or "'in concert', 'tandem', 'conspiracy' to tow appellants' vehicles." Brief at pp. 6 and 9.

Although a large portion of their Brief is devoted to the claims involving the City of Warren Defendants, the crux of Plaintiffs' arguments on appeal as to the

Service Towing Defendants is that the district court erred "when it did not opine that Thrower stated a claim under the Fourth, Fifth and Fourteenth Amendments." Brief, Document 9 at p. 10.  Next, Plaintiffs repeat this same argument as the basis of their argument labeled "Objection To The Magistrate's Report No. 2" at page 13 and substantively make this same argument again on page 14.   In a heading labeled as "Objection To The Magistrate's Report No. 10" at page 16 of their Brief, Plaintiffs allege the Magistrate Judge erred by not stating that the Service Towing Defendants "acted in conspiracy with "state officials"…and Scott in towing cars and scheming the citizen's arrest".  *Id*. at p. 16.

At pages 23-24 of their Brief, Plaintiffs again repeat that some, but not all, of the Service Towing Defendants "entered the conspiracy, meeting of the minds with state actors to violate appellants US Constitutional rights when 1) Towed cars off private property 2)……..at STI and called (EE) Scott per prearranged agreement 7/8/21, called (EE) Scott who effectuated a "citizens arrest"…".  *Id*. at p. 23. Lastly, continuing their repetitive conclusory arguments, Plaintiffs once again allege that the Service Towing Defendants "joining a civil conspiracy with state officials" by towing cars off private property and stalling Plaintiff Thrower the next day and calling Scott to perform a "citizen's arrest" and that "maybe subject to liability under section 1983 where they 'act jointly' or conspire with state government officials."  Brief, Document 9 at p. 24.

Thus, as set forth above, Plaintiffs principal argument, repeated throughout its Brief over and over again, can be charitably summarized as the district court erred by determining that Plaintiffs failed to state claims under the 4th, 5th and 14th Amendments arising out of the towing of 2 vehicles and allegedly stalling and then calling Scott.   What follows, however, is not a concise, developed argument or even a meandering, developed argument.  Instead, Plaintiffs argument is largely indecipherable and appears to be a combination of a) quotations from two of their amended complaints, b) their own Objections to the Magistrate Judge's Report & Recommendations, c) arguments responding to the STI Defendants Motion For Dismissal Under Rule 12(b)(6), d) statements attributed to STI Defendants unsupported by the record and e) quotations and/or references to their three Complaints, in which they appear to largely argue that everything in the complaints must be accepted as true.

There is scant reference to the actual record and no effort to explain the relevance of citations or linkage between the applicability of the quotations, matters from other actions, legal conclusions masquerading as facts and citations to cases and any effort to explain their contentions as established in the record upon which they rely that would require Defendants to be determined to be state actors. Plaintiffs repeat this pattern throughout the remainder of their Brief.  Brief, Document 9, pp. 10 – 25.

The Court may recall that Plaintiffs previously filed an action against the Service Towing Defendants and the City of Warren Defendants which was decided by this Court in its Order of February 11, 2025.  See Sixth Circuit Case No. 24-1219, *Nelson and Thrower v. Service Towing, Inc., et al.*  That action, in which the Court agreed with the district court that Plaintiffs failed to satisfy basic pleading requirements, is instructive as this Court in its Order explained that:

> "[a]nd to sue an individual actor under 42 U.S.C. § 1983, a plaintiff must allege how that individual personally participated in the alleged constitutional deprivation.  *See Colvin v. Caruso*, 605 F.3d 282, 292 (6th Cir. 2010).  The plaintiffs did not do so; instead, it appears that their strategy is to list every employee or official that they can identify within the entities they are suing and assert that they all collectively violated the plaintiffs' rights.  This is insufficient."
> Case 24-1219, Order, Document 22-1 at Page 3.

Defendants submit the Court's reasoning applies equally in this action and that the Plaintiffs have once again failed to satisfy the most basic pleading requirements, mandating the Court affirm the district court's granting of the Service Towing Defendants motion to dismiss and entry of judgment.

Additionally, Defendants submit that Plaintiffs, in failing to develop their arguments on appeal have forfeited their issues and have waived appellate review of the district court's rulings.

"[A]n issue is deemed forfeited …if it is merely mentioned and not developed."  *United States v. Clark*, 469 F.3d 568, 569-70 (6th Cir. 2006); *see also*

*United States v. Sandridge*, 385 F.3d 1032, 1035-36 (6th Cir. 2004) ("It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to…put flesh on its bones.") (internal quotations and citation omitted). "Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Id.* at 1035. See also *Ashford v Univ. of Michigan*, 89 F.4th 960, 975 (6th Cir. 2024) (holding that defendants, who "made little effort to connect the facts in the record to [the] two-pronged test for qualified immunity," forfeited their qualified immunity argument given their "scant treatment" of the issue).

Therefore, the failure to either raise or sufficiently develop their arguments in their appellate brief waives Plaintiffs appellate review of the district court's rulings. *See Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 311 (6th Cir. 2005); *see also Bouyer v. Simon*, 22 F.App'x 611, 612 (6th Cir. 2001) (noting that although *pro se* filings should be liberally construed, "pro se parties must still brief the issues advanced and reasonably comply" with the briefing standards set forth in Fed. Rule of Appellate Procedure 28). The lenient treatment afforded *pro se* litigants has limits and courts have not typically "been willing to abrogate basic pleading essentials in *pro se* suits." *Wells v Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

27

Further, Plaintiffs have failed to present arguments in sufficient detail and with references to the record to establish those that support their positions. Equally fatal to their appeal is their inability to set forth precisely which defendant-appellee is alleged to have undertaken what actions with specificity.  These utter failures compel the conclusion that Plaintiffs have waived review of any issues involving the 4th, 5th and 14th Amendments.

Additionally, Plaintiffs purported assignments of error often overlap and repeat one another or portions thereof and clearly ignore that while a court considering a motion to dismiss under Fed. R. Civ.P. 12(b)(6) accepts all well-pled allegations as true, but it need not accept as true any "legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations." *Terry v Tyson Farms, Inc*, 604 F.3d 272, 276 (6th Cir. 2010). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Erickson v Pardus*, 551 U.S. 89, 94 (2007)(citing *Bell Atlantic Corp v Twombly*, 550 U.S. at 555).

Again, Plaintiffs' arguments establish that they merely reference legal conclusions unaccompanied by some effort at developed argumentation. Accordingly, review of their issues ought to be deemed waived. *United States v. Sandridge*, 385 F.3d 1032, 1035-36 (6th Cir. 2004).  Thus, for all of the reasons set forth herein, the Court should affirm the district court's rulings.

28

## **CONCLUSION**

The Service Towing, Inc. Defendants-Appellees towed two vehicles and as a result, have since been forced to defend against Plaintiffs-Appellants conclusory, repetitive claims seeking $100 Million Dollars in damages.  Neither courts nor Defendants should have to guess at the nature of the claims asserted, their objections to rulings or their appellate arguments made in the most skeletal way. Plaintiffs Brief, a lack of developed argumentation and the conclusory, repetitive arguments contained therein are overwhelmingly deficient.  The issues involving alleged constitutional violations by Defendants of the 4th, 5th and 14th Amendments have, as established above, been determined to lack merit as a result of the Service Towing Defendants not being state actors.  Plaintiffs failure to either raise or sufficiently develop their arguments in their Brief waives Plaintiffs appellate review of the district court's rulings.  Therefore, the Service Towing Defendants respectfully request the Court of Appeals affirm the district court's rulings and judgment and grant such other and further relief as it deems just and appropriate.                                     Respectfully submitted,

                               _/s/ ThomasStidham_____
                               Thomas H. Stidham (P56504)
                               Attorney for Service Towing, Inc.
Dated:  April 24, 2025                  Defendants-Appellees

## <u>CERTIFICATE OF COMPLIANCE</u>

1.      This Brief complies with the type-volume limitation of Federal Rule of
Appellate Procedure 23(a)(7)(B) and 6th Cir. R. 32(b) because it contains 6,585
words, as determined by the word-count function of Microsoft Word, excluding the
parts of the brief exempted by Fed. R.App. P. 32(a)(7)(B)(iii).

2.      This Brief complies with the typeface requirements of Fed. R. Civ.P.
32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) as it has been
prepared in a proportionally spaced typeface using Microsoft Word in 14-point
Times New Roman font.

_/s/ ThomasStidham_____
Thomas H. Stidham (P56504)
Co-Counsel for Service Towing, Inc.
Defendants-Appellees

Dated:  April 24, 2025

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 24, 2025, an electronic copy of the foregoing Brief was filed with the Clerk of the Court for the U.S. Court of Appeals for the Sixth Circuit, using the appellate CM/ECF system. I further certify that all parties in this case that are represented by counsel will be served through the appellate CM/ECF system and that Plaintiffs-Appellants Elizabeth Nelson and Albert Thrower will be served via U.S. First Class Mail, postage prepaid, to the respective addresses on file with the district court and that an electronic courtesy copy will be served upon Appellants Nelson and Thrower at the e-mail addresses utilized by Appellants.


 /s/ ThomasStidham_____
Thomas H. Stidham (P56504)
Co-Counsel for Service Towing, Inc.
Defendants-Appellees


Dated:  April 24, 2025

## <u>DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS</u>

| Entry | Date | No. | PageId Range |
|---|---|---|---|
| Complaint | 7/5/23 | R 1 | 1-14 |
| Amended Complaint | 8/18/23 | R 25 | 59-73 |
| Sec.Amended Complaint | 8/25/23 | R 29 | 83-99 |
| Third Amended Compl | 5/29/24 | R 55 | 600 - 606 |
| STI Defendants Motion For Dismissal Under 12(b)(6) | 6/12/24 | R 57 | 608 - 649 |
| Plaintiffs Combined Response To Motion To Dismiss | 7/15/24 | R 67 | 719 - 787 |
| STI Reply To Combined Response To Motion To Dismiss | 7/29/24 | R 72 | 808 - 814 |
| Report And Recommendation | 9/30/24 | R 82 | 880 – 891 |
| Plaintiffs' Objections To Report & Recommendation | 10/15/24 | R 83 | 892 - 929 |
| Defendants Response To Plaintiffs' Objections to R&R | 10/29/24 | R 84 | 930 -944 |
| Order Adopting Recommended Disposition Of Magistrate Judge's R&R, Overruling Plaintiffs' Objections, Granting Defendants Motion To Dismiss And Dismissing Third Amended Complaint (ECF No. 55) | 11/20/24 | R 86 | 947 - 955 |
| Judgment | 11/20/24 | R 87 | 956 |
| Plaintiffs' Notice of Appeal | 12/18/24 | R 88 | 957 - 974 |
| Order From 6th Cir. COA | 1/30/25 | R 92 | 980 - 981 |

32