RECEIVED

MAY 2 2 2025

KELLY L. STEPHENS, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

Elizabeth Nelson,
Albert Thrower,

      Appellants,

Vs

                                                 Case No. 24-2095

Robert Scott, et al.,

      Defendants

**REBUTTAL BRIEF OF APPELLANTS ELIZABETH NELSON AND ALBERT THROWER**
**PRO SE**
**ON APPEAL FROM THE EASTERN DISTRICT OF MICHIGAN**

For the Appellants
Albert Thrower pro'se
PO 6702
Cleveland OH 44101
2168566626 al.thrower1@gmail.com

Elizabeth Nelson pro'se
PO Box 1422
Warren MI 48090     xpresstax500@gmail.com
3133197370

                                     FOR THE APPELLEES
                             Mark Straetmans/Rachel Selina
                             255 E Brown St #320
                             Birmingham, MI 48009
2486459680 rselina@berrymoorman.com  mstraetmans@berrymoorman.com
                             Thomas Stidham
                             1401 W Fort St, Rm 1006
                             Detroit MI 48233
                         2483030306 tsstidham@hotmail.com

                             Jennifer Mead
                             PO Box 806042
                             St Clair Shores, MI 48080
                        3134851250 meadjenn@hotmail.com

RECEIVED

MAY 2 2 2025

KELLY L. STEPHENS, Clerk

Michigan Code states- Ex A

"THE CODE OF CRIMINAL PROCEDURE (EXCERPT) Act 175 of 1927 764.16 Arrest by private person; situations. Sec. 16. A private person may make an arrest—in the following situations: (a) For a felony committed in the private person's presence. (b) If the person to be arrested has committed a *felony* although not in the private person's presence. (c) If the private person is summoned by a peace officer to assist the officer in making an arrest. (d) If the private person is a merchant, an agent of a merchant, an employee of a merchant, or an independent contractor providing security for a merchant of a store and has reasonable cause to believe that the person to be arrested has violated section 356c or 356d of the Michigan penal code, Act No. 328 of the Public Acts of 1931, being sections 750.356c and 750.356d of the Michigan Compiled Laws, in that store, regardless of whether the violation was committed in the presence of the private person. History: 1927, Act 175, Eff. Sept. 5, 1927;□CL 1929, 17150;□CL 1948, 764.16;□Am. 1988, Act 19, Eff. June 1, 1988"

Appellee (EE) Scott—an employee of (EE) city of Warren MI, Property & Maintenance Dept, did not have authority to do a "citizens arrest" on (ANT) Thrower. (EE) Hertz Bros., employee (EE) Sullivan working at (EE) STI Towing Inc., facilitated this "citizens arrest" acting in agreement and/or conspiracy per facts in complaint by employees (EE) Hertz Bros., (EE) Sullivan notifying (EE) Scott when (ANT) Thrower arrived at (EE) Service Towing Inc., and "stalling" same for over 30 minutes. Per *Tsao v. Dessert Palace, Inc.*, 698 F.3d 1128, 1142 (9th Cir. 2012) held in re appellee (EE) STI Towing Inc (STI) could be liable as a "state actor" acting in conspiracy: or "joint action". *Laurie Tsao v. Dessert Palace, Inc.* 698 F.3d 1128 (9th Cir) cited by the Magistrate Judge:    *"i. Color of state law* "Desert Palace is a private corporation. Although § 1983 makes liable only those who act "under color of" state law, "even a private entity can, in certain circumstances, be subject to liability under section 1983." *Villegas v. Gilroy Garlic Festival Ass'n,* 541 F.3d 950, 954 (9th Cir.2008) (en banc). Specifically, a plaintiff must show that "the conduct allegedly causing the deprivation of a federal right [was] fairly attributable to the State." *Lugar v. Edmondson Oil Co., 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482* (1982). "The Supreme Court has articulated four tests for determining whether a private [party's] actions amount to state action: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test." *Franklin v. Fox,* 312

i

F.3d 423, 444–45 (9th Cir.2002). We hold that Desert Palace's actions are "fairly attributable to the state" under the joint action test…."

Likewise, (EE) STI Towing Inc, Hertz Bros "is a private corporation…. Act 'under color of law', 'even a private entity can, … be subject to liability under section 1983' *Id.,,* 'the conduct allegedly causing the deprivation of a federal right (was) fairly attributable to the State." *Lugar v Edmondson Oil Co.,* 457 U.S. 922, 937. Per complaint "which must be accepted as true" appellees Hertz Bros., (EE) employee Sullivan, "stalled" (ANT) Thrower for over 30 minutes, while (EE) Scott was contacted by (EES') STI, Hertz Bros., and (EE) Sullivan and raced over to do "citizens' arrest" "assault" on (ANT) Thrower, search his "Aldi's bag", "knock phone out of his hand when he called 911", as set forth in the complaint. (EES') STI Towing, Hertz Bros., and Sullivan claim they were acting pursuant to a contract with (EE) City of Warren. Like the appellant *in  Laurie Tsao v. Desert Palace, Inc.*  698 F.3d 1128, appellants' aver that the towing of the 2 vehicles, and the "joint action.", and the "citizen's arrest" the next day by (EE) STI employees-(EES) Hertz Bros., and (EE) employee Sullivan,  Scott acting in concert with  (EES') STI Inc and Hertz Bros. and employee Sullivan fit the criteria of "the joint action test…. State officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights'" Id. 455. The "citizens arrest" could not have been effected without the collusion of appellees' Hertz Bros., and employee of (EE) STI Towing (EE) Sullivan.  Hence, that "the conduct allegedly causing the deprivation  of a federal right [was] fairly attributable to the State." *Lugar v. Edmondson Oil Co., 457 U.S. 922, 937, 102 S.Ct. 2744.*

"The joint action test asks " 'whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights.' " *Id.* at 445 (quoting *Gallagher v. Neil Young Freedom Concert, 49 F.3d 1442, 1453* (10th Cir.1995)). This requirement can be satisfied either "by proving the existence of a conspiracy or by showing that the private party was 'a willful participant in joint action with the State or its agents.' " *Id.* (quoting *Collins v. Womancare, 878 F.2d 1145, 1154* (9th Cir.1989)). Ultimately, joint action exists when the state has " 'so far insinuated itself into a position of interdependence with [the private entity] that it must be recognized as a joint participant in the challenged activity.' " *Gorenc v. Salt River Project Agric.*

*Improvement & Power Dist.,* 869 F.2d 503, 507 (9th Cir.1989) (alteration in original) (quoting *Burton v. Wilmington Parking Auth.,* 365 U.S. 715, 725, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961)). Particularly relevant here is the maxim that "if the state 'knowingly accepts the benefits derived from unconstitutional behavior,' ... then the conduct can be treated as state action." *Id.* (quoting *Nat'l Collegiate Athletic Ass'n v. Tarkanian,* 488 U.S. 179, 192, 109 S.Ct. 454, 102 L.Ed.2d 469 (1988)). The (EES') city of Warren, Scott, et al., obtained the benefit of the "citizens arrest" of (ANT) Thrower, via the agreement to detain him with private parties. Further, the 2 cars towed without search warrant off "private property" (EE) city Warren again derived a benefit. (EES) STI Towing, Hertz Bros obtained "benefit" by collecting storage fees for days more—for tipping off (EE) Scott- and to obtain titles of cars had (ANT) Thrower not bonded out.

"Desert Palace's behavior qualifies as state action under the joint action test thanks to its system of cooperation and interdependence with the LVMPD. First,…." "clothed with the authority of state law," *Williams v. United States,* 341 U.S. 97, 99, 71 S.Ct. 576, 95 L.Ed. 774 (1951).under the…". (EES) STI Towing, employee city Scott et al., "qualifies as state action under the joint action test thanks to the system of cooperation" with (EE) city of Warren, (EE) Scott.

"Just as in *Lusby,* Makeley did more than effectuate a citizen's arrest—he purported to act on behalf of the state from the outset of the encounter. That pretense, although not conclusive, supports Tsao's contention that Makeley was a state actor for purposes of § 1983. *See Griffin v. Maryland,* 378 U.S. 130, 135, 84 S.Ct. 1770, 12 L.Ed.2d 754 (1964) ("If an individual is possessed of state authority and purports to act under that authority, his action is state action. It is irrelevant that he might have taken the same action had he acted in a purely private capacity...."); *see also Flagg Bros.,* 436 U.S. at 163 n. 14, 98 S.Ct. 1729;*Traver v. Meshriy,* 627 F.2d 934, 938 (9th Cir.1980) (holding that an off-duty police officer employed as a bank security guard acted under color of law when he identified himself as a police officer to a bank robbery suspect); *United States v. Temple,* 447 F.3d 130, 139 (2d Cir.2006)."

"those that result in the municipality itself violating someone's constitutional rights or instructing its employees to do so, and those that result, through omission, in municipal responsibility "for a constitutional violation committed by one of its employees, even though the municipality's policies were facially constitutional, the municipality did not direct the employee to take the unconstitutional action, and the municipality did not have the state of mind required to prove the

underlying violation." 290 F.3d at 1185–86 (citing *City of Canton v. Harris,* 489 U.S. 378, 387–89, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989))"

"As the Supreme Court has also observed, however, such concerns are not present "[w]here a plaintiff claims that a particular municipal action *itself* violates federal law, or directs an employee to do so." *Id.* Under this "direct path" to municipal liability, a plaintiff must "prove that the municipality acted with 'the state of mind required to prove the underlying violation,' just as a plaintiff does when he or she alleges that a natural person has violated his federal rights." *Gibson,* 290 F.3d at 1185 (quoting *Bd. of Cnty. Comm'rs,* 520 U.S. at 405, 117 S.Ct. 1382)."

Michigan case law shows under the facts of the complaint that appellees were acting in violation of state law.

*People v Meyer,* 424 Mich 143 (1985) – In this case, the Michigan Supreme Court held that police officers who make an arrest outside of their jurisdictions are considered private persons and are only able to make arrests under the citizen's arrest law.

• *People v Hamilton,* 465 Mich 526 (2002) – In this case, the Michigan Supreme Court held that police officers who made an arrest outside of their jurisdiction for an operating while intoxicated charge were subject to criminal charges and civil liability.

Citizen's Arrest Laws and Responsibilities in Michigan   LegalClarity Michigan    Published Jan 16, 2025

"Citizen's arrest laws in Michigan empower individuals to detain someone they believe has committed a crime, reflecting a broader principle found in many jurisdictions. This concept involves balancing the rights of private citizens with legal responsibilities and potential liabilities.

Understanding these laws is crucial, given the complex legal landscape surrounding citizen's arrests. Examining the criteria, conditions, and repercussions involved provides clarity on what is legally permissible and the risks entailed.

Legal Basis for Citizen's Arrest in Michigan

The legal foundation for citizen's arrest in Michigan is rooted in common law principles, adapted and interpreted through various court rulings. Michigan law permits a private individual to arrest another person if they have *committed a felony* in the arrestor's presence or if the arrestor has reasonable cause to believe the person has *committed a felony*. This principle is recognized through judicial interpretation and historical precedent.

Michigan courts have clarified the circumstances under which such an arrest is permissible. In *People v. Goecke,* the Michigan Supreme Court highlighted the necessity for the arresting citizen to have a reasonable belief that a *felony has occurred*. This requirement underscores the importance of the arrestor's perception and judgment, which must be grounded in observable facts rather than mere suspicion.

The absence of a statutory framework means that Michigan relies heavily on case law to delineate the boundaries of citizen's arrest. This reliance on judicial decisions creates a dynamic legal environment where interpretations can evolve. The courts emphasize the need for the arresting party to act within the confines of reasonableness and necessity, ensuring that the arrest is not arbitrary or unjustified.

Criteria and Conditions for Arrest

In Michigan, the criteria and conditions for conducting a citizen's arrest are informed by a combination of common law principles and judicial interpretations. The primary criterion is that the arrest must *pertain to a felony*, as opposed to a misdemeanor, which restricts the circumstances under which a private individual can intervene.

The arresting citizen must have a reasonable belief that *a felony has occurred*, a standard that necessitates more than mere suspicion. This belief must be based on observable and credible facts that would lead a prudent person to conclude that a *felony has been committed*. Michigan courts have examined this aspect, emphasizing that the arrestor's perception should be informed by tangible evidence or direct observation." (EE) Scott actions as set forth in the complaint and not denied by appellee Scott do not apply because a "felony has (NOT) occurred".

Legal Consequences for Improper Arrest

"Improper citizen's arrests in Michigan carry potential liabilities for those who act outside the bounds of legality. When a citizen's arrest is deemed improper, the arrestor may face civil liability for false arrest or false imprisonment. These civil claims arise when an individual is unlawfully detained without proper legal justification. In Michigan, the wrongfully detained person may seek damages for the infringement of their personal liberty, which can include compensation for emotional distress, loss of reputation, and any physical harm incurred during the arrest process.

An improper arrest can also have criminal repercussions for the arresting citizen. An overzealous or improper arrest can result in charges of assault or battery if excessive force was used, or even kidnapping if the detention was particularly egregious. These charges carry serious penalties, including potential jail time and fines.

Judicial scrutiny in Michigan further complicates matters for an arrestor who oversteps. Courts evaluate the reasonableness of the arrestor's belief and actions, often with a critical eye toward whether the arrestor acted in a manner consistent with what a reasonable person would have done under similar circumstances. This judicial evaluation serves as a safeguard, ensuring that the rights of the individual being arrested are protected against arbitrary detention.".

Clearly, (EE) Scott, as the Magistrate found did a "citizens arrest" of (ANT) Thrower, in violation of Michigan law and case law.  The was a 4, 5, 14th Amendment claim for  42 USC Sec 1983 damages as set forth in the complaint.

WHEREFORE, appellants' pray this Court will reverse and remand this action that appellants state a claim re:

1) Towing two (operable) cars without a search warrant and/or court order issued same day the cars were towed, that appellants allege was issued AFTER cars were towed and in no case can be said to comply with Due Process of law as guaranteed by 14th and 5th Amendment United States Constitution.

2) State a 4, 5, 14 Amendment claim under United States Constitution for "citizens arrest" , assault and battery-4th Amendment violation, 14th Amendment and search of (ANT) Thrower at (EE) STI Towing by (EE) Scott with (EE) STI Towing employees acting at the direction of (EE) city of Warren Property & Maintenance employee Scott.

3)   (EE) City of Warren failing to act on the  complaint filed by (ANT) Thrower 7/21/21 in re "assault and battery", "kidnapping"   resulting from "citizens arrest", and other grounds alleged in the complaint in violation of the 5, 14th Amendment US Constitution.

Respectfully submitted,

Albert Thrower pro'se  Elizabeth Nelson pro'se

## CERTIFICATE OF SERVICE

Appellants state per 28 USC Sec 1746 that undersigned have served copy of this REBUTTAL BRIEF on the lawyers FOR THE APPELLEES by placing same in the US Mail this 5/20/25 to:

Mark Straetmans/Rachel Selina
255 E Brown St #320
Birmingham, MI 48009
2486459680 rselina@berrymoorman.com  mstraetmans@berrymoorman.com
Thomas Stidham
1401 W Fort St, Rm 1006
Detroit MI 48233
2483030306 tsstidham@hotmail.com

Jennifer Mead
PO Box 806042
St Clair Shores, MI 48080
3134851250 meadjenn@hotmail.com

Albert Thrower pro'se  Elizabeth Nelson pro'se

8

## THE CODE OF CRIMINAL PROCEDURE (EXCERPT)
### Act 175 of 1927

**764.16 Arrest by private person; situations.**

Sec. 16. A private person may make an arrest—in the following situations:

(a) For a felony committed in the private person's presence.

(b) If the person to be arrested has committed a felony although not in the private person's presence.

(c) If the private person is summoned by a peace officer to assist the officer in making an arrest.

(d) If the private person is a merchant, an agent of a merchant, an employee of a merchant, or an independent contractor providing security for a merchant of a store and has reasonable cause to believe that the person to be arrested has violated section 356c or 356d of the Michigan penal code, Act No. 328 of the Public Acts of 1931, being sections 750.356c and 750.356d of the Michigan Compiled Laws, in that store, regardless of whether the violation was committed in the presence of the private person.

**History:** 1927, Act 175, Eff. Sept. 5, 1927;—CL 1929, 17150;—CL 1948, 764.16;—Am. 1988, Act 19, Eff. June 1, 1988.



# PRIORITY
# ★ MAIL ★



INSURED*

24-2095

GSA

## FLAT RATE ENVELOPE
ONE RATE ★ ANY WEIGHT*



P S0000 1000014

EP14F July 2013
OD: 12.5 x 9.5

### UNITED STATES
### POSTAL SERVICE ®

* Domestic only.    ✕ For international shipments, the maximum weight is 4 lbs.

---

PRESS FIRMLY TO SEAL          PRESS FIRMLY TO SEAL          PRIORITY MAIL
                                                            POSTAGE REQUIRED

# PRIORITY®
# ★ MAIL ★

FROM:

🗓 DATE OF DELIVERY SPECIFIED*

📶 USPS TRACKING™ INCLUDED*

$ INSURANCE INCLUDED *

🚚 PICKUP AVAILABLE

* Domestic only

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.





US POSTAGE AND FEES PAID
2024-09-10
44152
CH16808
Commercial
64 LB ZONE 3

0003

C023

USPS PRIORITY MAIL

SHIP TO:

ALBERT THROWER
1212 W 88TH ST APT 3
CLEVELAND OH 44102-1928

#540 9TH CIRCUIT CLERK
POTTER STEWART US COURTHOUSE
100 E 5TH ST RM 331
CINCINNATI OH 45202-3911

USPS TRACKING #

9405 5361 0619 3285 2288 09

P S0000 1000014

EP14F July 2013
OD: 12.5 x 9.5

### VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

### UNITED STATES
### POSTAL SERVICE ®

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2013; All rights reserved.